

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2005

# Dong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2763

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dong v. Atty Gen USA" (2005). *2005 Decisions.* Paper 377.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/377

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2763

YI XIN DONG,
Petitioner

v.

*ALBERTO GONZALES,
Attorney General of the United States;
MICHAEL CHERTOFF,
Secretary of the Department of Homeland Security,
Respondents

*(Amended pursuant to F.R.A.P. 43(c))

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A79-682-346)

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2005

Before: RENDELL, FUENTES and WEIS, <u>Circuit</u> <u>Judges</u>.

(Filed: October 20, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Yixin Dong, a citizen of the People's Republic of China, petitions for review of

the Board of Immigration Appeals ("BIA")'s summary affirmance of the Immigration

Judge ("IJ")'s order denying his application for asylum, withholding of removal, and

protection under the United Nations Convention Against Torture ("CAT").  The IJ denied

Dong's claims because she found that Dong's testimony regarding his Falun Gong[1]

activities, the purported basis for his claims, was not credible.  Although the IJ

acknowledged that the Chinese government persecutes members of Falun Gong, she

concluded that Dong is not, and never has been, a Falun Gong practitioner.  We exercise

jurisdiction under 8 U.S.C. § 1252(a)(1).  Where the BIA affirms without opinion, the IJ's

opinion becomes the final agency determination for purposes of judicial review.  Gao v.

Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002).  We conclude that the IJ's findings were

supported by substantial evidence and will deny the petition.

**I.**

We will limit our factual discussion to those events relevant to our analysis.  Yixin

Dong, a 22-year old citizen of China, was apprehended as he arrived at St. John's in the

United States Virgin Islands on March 16, 2002.  The former Immigration and

---

[1]Falun Gong is a practice that "blends aspects of Taoism, Buddhism, and the
meditation techniques of Qigong (a traditional martial art) with the teachings of Li
Hongzhi."  Gao v. Ashcroft, 299 F.3d 266, 267 (3d Cir. 2002) (quotations omitted).  For
immigration purposes, Falun Gong is treated as an imputed political opinion and a
religion.  Zhang v. Ashcroft, 388 F.3d 713, 719-21 (9th Cir. 2004).

Naturalization Service ("INS") began removal proceedings, to which Dong responded by submitting an Application for Asylum and Withholding of Removal, supported by an affidavit setting forth the basis for his application, on October 20, 2002. The substance of Dong's affidavit was as follows: Dong, a native of Fujian province in China, began practicing Falun Gong with a group of classmates, in his classmates' homes, some time in 1998. He practiced about once a month, beginning in 1998, until the summer recess from school in 1999. During the summer recess, Dong and his classmates were called in to the local police station for questioning related to their Falun Gong activities. Dong was expelled from school for practicing Falun Gong. Unable to find work, Dong stayed home and was often called into the police station for questioning about criminal activity in his town. He eventually asked his parents to help him come to the United States, where he arrived in March or April of 2002 and found freedom to practice Falun Gong.

Dong's testimony at his hearing before the IJ, on February 4, 2004, differed substantially from his affidavit. According to Dong's testimony, an adult neighbor taught him to practice Falun Gong, and he practiced once or twice a week while he was still in China. Dong was dismissed from school in June 1999 when the school found out about his practice. The school called a neighbor's house to notify Dong of his expulsion because Dong's parents did not have a phone; the school was unable to send a written confirmation because their house had no address. The police came to Dong's house to take him to the station for questioning after his expulsion. When Dong's parents resisted,

3

the police officers beat them. At the station, Dong was undressed and threatened with an "electric stick." Dong does not know how long he was detained because he passed out after being hit and awakened at home approximately two or three days later. After a few days, the police came looking for Dong again. While his parents were talking to the police, Dong escaped through the back door of the house and went to Fuzhou, where he worked on construction sites for about a year. Dong's parents then made arrangements with a "snakehead," or smuggler, to send Dong to the United States.

At the hearing, Dong also testified that his parents were very poor, and that they had promised to pay the snakehead about $80,000 to send Dong to the United States. Dong and his parents still owe around $50,000. Since he has been in the United States, Dong has lived and worked in seven states as a dishwasher in Chinese restaurants. He makes a few hundred dollars per week but sends over $1,000 per month back to his parents in China; about $600 of that $1,000 goes toward interest on the snakehead's loan. Although Dong practiced Falun Gong in Philadelphia in July or August of 2003, he testified that he had stopped practicing because he was too busy working twelve- or thirteen-hour days.

The IJ found that, although there was sufficient evidence in the record to establish that the Chinese government persecutes practitioners of Falun Gong, Dong had not established that he was or had ever been a member of Falun Gong. She described Dong's testimony as "very sketchy, in most instances non-responsive," and his demeanor as

4

"evasive." She highlighted that Dong's testimony was both internally inconsistent and inconsistent with his affidavit. The IJ found Dong incapable of coherently explaining the practice of Falun Gong and noted that he had failed to provide any evidence to corroborate his claim that he had practiced Falun Gong in Philadelphia. In sum, the IJ concluded, Dong's "testimony was not believable, it was not consistent and it was not sufficiently detailed in light of general conditions in China to find that he has a basis for fear based on practicing Falun Gong." Instead, she speculated that Dong was sent to the United States to work and send money home to his parents, whom he repeatedly described as very poor. The IJ acknowledged that Dong's fear of retribution or harm by the snakeheads when he returned to China was legitimate, but determined that such fear did not qualify as a ground for seeking asylum or withholding of removal. In addition, she found that Dong had "failed to establish that anyone would be interested in torturing him should he return to China." She therefore denied Dong's asylum, withholding of removal and CAT claims and ordered his removal.

## II.

Dong's first claim is that the IJ's adverse credibility determination is unsupported by the record. We review an IJ's adverse credibility determinations under the substantial evidence standard. Gao, 299 F.3d at 272. We may not overturn an IJ's credibility determination "simply because an alternative finding could be supported by substantial evidence." Yan v. Ashcroft, 393 F.3d 418, 425 (3d Cir. 2005). Although we afford

5

deference to the IJ's conclusions, the IJ must provide specific reasons for making an adverse credibility determination. Balasubramanrim v. INS, 143 F.3d 157, 162 (3d Cir. 1998). Minor inconsistencies that reveal nothing about an asylum applicant's fear for his safety are inadequate to sustain an adverse credibility finding. Senathirajah v. INS, 157 F.3d 210, 221 (3d Cir. 1998). Rather, the discrepancies must involve the "heart of the asylum claim." Gao, 299 F.3d at 272.

We conclude that the IJ's adverse credibility finding in this case was supported by substantial evidence. First, the discrepancies in Dong's statements–involving Dong's history as a Falun Gong practitioner and his fear of persecution on that basis–go right to the heart of his claims. Dong provided a completely different account of his practice of Falun Gong and his persecution in and escape from China at his hearing than he had provided in the affidavit supporting his asylum application. Second, the IJ clearly explained the reasons for her determination. In addition to the substantial differences between Dong's testimony at the hearing and his affidavit, the IJ relied on Dong's limited familiarity with Falun Gong, his "evasive" demeanor at the hearing, and the evidence that Dong's motivations for coming to the United States were economic, rather than political or religious, to reach her determination. Under these circumstances, the IJ was justified in determining that Dong was ineligible for asylum or withholding of removal.

Dong also claims that the IJ's denial of his claim under the CAT was improper. To establish a claim for relief under the CAT, an applicant must show that "it is more

6

likely than not that he or she will be tortured if removed to the proposed country of removal." 8 C.F. R. § 1208.16(c)(2); see Berishaj v. Ashcroft, 378 F.3d 314, 332 (3d Cir. 2004). An adverse credibility finding "does not defeat [an applicant's] ability to 'meet her burden of proof' under the Convention Against Torture." Zubeda v. Ashcroft, 333 F.3d 463, 476 (3d Cir. 2003). An IJ must take all relevant evidence, not just the applicant's testimony, into account in determining the likelihood of future torture. 8 C.F.R. § 1208.16(c)(3); see id. at 478.

The basis for Dong's claim was that, as a member of Falun Gong, he was more likely than not to be tortured on his return to China. The IJ specifically acknowledged that evidence in the record established that Falun Gong practitioners are subject to persecution in China, but she found that Dong was not a Falun Gong practitioner. As we discussed above, the IJ's finding was supported by substantial evidence in the record. Under these circumstances, the IJ's denial of Dong's CAT claim was proper. Cf. Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002) (upholding BIA's determination that respondent failed to establish eligibility for withholding of removal under CAT where BIA's reasoning did not contain material factual errors and addressed extrinsic evidence of country conditions).

For the foregoing reasons, we will deny Dong's petition for review.

—————————